| | |
|---|---|
| 1 | BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP |
| 2 | Alan R. Plutzik (Bar No. 077785)<br>L. Timothy Fisher (Bar No. 191626) |
| 3 | Kathryn A. Schofield (Bar No. 202939)<br>2125 Oak Grove Road, Suite 120 |
| 4 | Walnut Creek, California 94598<br>Telephone: (925) 945-0200 |
| 5 | Facsimile: (925) 945-8792 |
| 6 | SCHIFFRIN & BARROWAY LLP<br>Eric L. Zagar |
| 7 | Sandra G. Smith<br>280 King of Prussia Road |
| 8 | Radnor, PA 19087<br>Telephone: (610) 667-7706 |
| 9 | Facsimile: (610) 667-7056 |
| 10 | Attorneys for Plaintiffs<br>*Additional Counsel on Signature Page* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 8/22/06*

| | |
|---|---|
| RICK TOPE, Derivatively on Behalf of Nominal Defendant INTEGRATED SILICON SOLUTION, INC., <br><br>Plaintiff,<br><br>v.<br><br>JIMMY S.M. LEE, KONG YEU HAN, GARY L. FISCHER, PAUL JEI-ZEN SONG, MICHAEL D. MCDONALD, THOMAS C. ENDICOTT, THOMAS C. DOCZY, PING K. KO, LIP-BU TAN, HIDE L. TANIGAMI, BRUCE A. WOOLEY,<br><br>Defendants,<br><br>and<br>INTEGRATED SILICON SOLUTION, INC.<br><br>Nominal Defendant. | Case No. C06-04387 RMW<br><br>**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD AND LIAISON COUNSEL FOR PLAINTIFFS** |

STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD AND LIAISON COUNSEL FOR PLAINTIFFS
48366

| | |
|---|---|
| MURRAY DONNELLY, Derivatively on Behalf of Nominal Defendant INTEGRATED SILICON SOLUTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> JIMMY S.M. LEE, KONG YEU HAN, GARY L. FISCHER, PAUL JEI-ZEN SONG, MICHAEL D. MCDONALD, THOMAS C. ENDICOTT, THOMAS C. DOCZY, PING K. KO, LIP-BU TAN, HIDE L. TANIGAMI, BRUCE A. WOOLEY, <br><br> Defendants, <br><br> and <br><br> INTEGRATED SILICON SOLUTION, INC. <br><br> Nominal Defendant. | Case No. C06-04545 HRL |

STIPULATION AND [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD AND LIAISON COUNSEL FOR PLAINTIFFS
48366

WHEREAS, both of the above-captioned actions are shareholder derivative actions purportedly brought on behalf of nominal defendant Integrated Silicon Solution, Inc. ("ISSI") against its current and former directors and officers; and

WHEREAS, both of the above-captioned actions involve a common question of law or fact; and

WHEREAS, both of the above-captioned actions name the same Defendants, contain the same or substantially similar factual allegations, assert the same or substantially similar causes of action, and seek the same or substantially similar relief; and

WHEREAS, the parties agree that the above-captioned actions should be consolidated; and

WHEREAS, Defendants Jimmy S. M. Lee, Kong Yeu Han, Gary L. Fischer, Paul Jei-Zen Song, Michael D. McDonald, Thomas C. Endicott,[1] Thomas C. Doczy, Ping K. Ko, Lip-Bu Tan, Hide L. Tanigami, Bruce A. Wooley, and Nominal Defendant ISSI (together "Defendants") take no position regarding the appointment of Lead and Liaison Counsel for Plaintiffs;

NOW, THEREFORE, it is hereby stipulated and agreed by and between Plaintiffs and Defendants as follows:

1. NOW, THEREFORE, it is hereby stipulated and agreed by and between Plaintiffs and Defendants as follows:

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### - SAN JOSE DIVISION -

| | |
|---|---|
| In re INTEGRATED SILICON SOLUTION, INC. SHAREHOLDER DERIVATIVE LITIGATION,<br><br>This Document Relates To: | Master File No. C-06-04387 RMW<br><br>**SHAREHOLDER DERIVATIVE ACTION** |

---

[1] Defendant Thomas C. Endicott ("Endicott") is deceased. Defendants' Counsel has advised Plaintiffs' proposed Lead Counsel of this fact, and Plaintiffs' proposed Lead Counsel has agreed to remove Mr. Endicott from the consolidated complaint and any subsequent papers filed with the Court.

2. Each and every putative shareholder derivative action filed in, or transferred to, this Court that involves questions of law or fact similar to those contained in the Consolidated Action shall constitute a case related to the Consolidated Action ("Related Action" or the "Related Actions").

3. Each Related Action shall be governed by the terms of this Order and shall be consolidated for all purposes with the Consolidated Action.

4. A party to any Related Action may move for relief from the terms of this Order only if such motion is filed with the Court and served upon Plaintiffs' Lead Counsel (as defined herein) and counsel for the Defendants within thirty (30) days of the mailing of this Order to counsel for such party. A party to a Related Action shall be entitled to relief from the terms of this Order only if the party's motion demonstrates that the Related Action does not involve questions of law or fact similar to those contained in the Consolidated Action.

5. All papers previously filed and served to date in any of the cases consolidated herein are deemed to be and are hereby adopted as part of the record in the Consolidated Action.

6. Prosecution of the Consolidated Action and each Related Action on behalf of Plaintiffs shall be managed and directed by Plaintiffs' Lead Counsel SCHIFFRIN & BARROWAY, LLP. All specific assignments to perform tasks in the Consolidated Action shall be appointed by Plaintiffs' Lead Counsel in such a manner as to lead to the orderly and efficient prosecution of the Consolidated Action and each Related Action and to avoid duplicative or unproductive effort and unnecessary burdens on the parties.

7. BRAMSON, PLUTZIK, MAHLER, & BIRKHAEUSER, LLP shall serve as Plaintiffs' Liaison Counsel and is authorized to receive orders, notices, correspondence, and telephone calls from the Court on behalf of all Plaintiffs and shall be responsible for the preparation and transmission of copies of such orders, notices, correspondence, and memoranda of such telephone calls to Plaintiffs' counsel.

8. Defendants are not required to respond to the complaints currently on file, or to any complaint in any action consolidated into this action, other than the consolidated complaint or a complaint designated as the operative complaint by Lead Plaintiffs' Counsel.

9. By executing this Stipulation, the parties have not waived and expressly retain all rights, claims, defenses, and arguments whether procedural, substantive or otherwise, and this Order is entered without prejudice to the rights of any party to apply for a modification of this Order for good cause.

10. Defendants' counsel may rely upon all agreements made with any of Plaintiffs' Proposed Lead Counsel or Proposed Liaison Counsel or other duly authorized representative of Plaintiffs' Lead Counsel and such agreements shall be binding on Plaintiffs.

11. Defendants' counsel shall appear for and accept service on behalf of all Defendants not already served without waiving any jurisdictional objections or defenses.

12. A consolidated complaint shall be served and filed within sixty (60) days after the entry and service of this Court's Order consolidating the actions.

13. Defendants' time to respond to the consolidated complaint, whether by pleading, motion or otherwise, shall be no earlier than forty-five (45) days following the service of the consolidated complaint on Defendants.

14. Plaintiffs' opposition to any motion filed in response to the consolidated complaint by Defendants shall be filed no later than thirty (30) days thereafter.

15. Defendants' reply papers, if any, shall be filed no later than thirty (30) days after Plaintiff's opposition.

16. Other than those documents served pursuant to the Court's Electronic Case Filing ("ECF") Program (*i.e.*, "e-filing"), the parties shall serve all non-ECF papers on each other by hand, by overnight delivery, or facsimile, unless otherwise agreed upon by the parties. Notwithstanding the foregoing, Defendants may serve Plaintiffs' counsel, other than Lead Plaintiffs' Counsel, by e-filing or first class mail, unless otherwise agreed upon by the parties.

**SO STIPULATED.**

DATED: August 16, 2006                  BRAMSON, PLUTZIK, MAHLER &
                                        BIRKHAEUSER, LLP

                                        By_____/s/  Alan R. Plutzik_____
                                              Alan R. Plutzik

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Alan R. Plutzik (Bar No. 077785)
Kathryn A. Schofield (Bar No. 202939)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200

*Proposed Liaison Counsel for Plaintiffs*

SCHIFFRIN & BARROWAY, LLP

By:_____/s/ Sandra G. Smith_____
Eric L. Zagar
Sandra G. Smith
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Counsel for Plaintiffs and Proposed Lead Counsel for Plaintiffs*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: ___/s/ Nicole M. Healy_____
                Nicole M. Healy

JEROME F. BIRN, JR., State Bar No. 128561
LLOYD WINAWER, State Bar No. 157823
NICOLE M. HEALY, State Bar No. 157417
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Counsel for Defendants*

/   /   /
/   /   /
/   /   /
/   /   /
/   /   /
/   /   /

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Alan R. Plutzik, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of August, 2006 at Walnut Creek, California.

/s/ Alan R. Plutzik
Alan R. Plutzik

**SO ORDERED.**

Dated: 8/22/06                     /S/ RONALD M. WHYTE
United States District Judge